AO 91 (Rev. 11/11) Criminal Complaint

AUSA Michael Porter

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| JEISON JULIAN CABALLERO LUQUE, | ) | 25-MJ-00042-AEV |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| Defendant(s) | | |

FILED BY____MB____D.C.

Apr 11, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ **March 10, 2025** _____ in the county of _____ Indian River _____ in the _____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1). | Previously Removed Alien Found in the United States |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☑ Continued on the attached sheet.

_____
Complainant's signature

Cesar Barrientos, Resident Agent, U.S. Border Patrol
*Printed name and title*

Date: April 11, 2025

_____
Judge's signature

City and state:     Fort Pierce, Florida

Ann E. Vitunac, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Cesar Barrientos, being duly sworn, depose and state as follows:

1.      I am employed as a United States Border Patrol Resident Agent, with Customs and Border Protection and the United States Department of Homeland Security. I have been a United States Border Patrol Agent for the last 24 years. I am currently the Vero Beach Resident Agent assigned to the West Palm Beach Border Patrol Station in Riviera Beach, Florida. As a Border Patrol Resident Agent, my duties and responsibilities include enforcing federal criminal and administrative immigration laws of the United States.

2.      As a federal agent, I have participated in investigations of persons suspected of violating a variety of federal laws governing the borders and the interior of the United States, which include immigration violations. These investigations have included the use of surveillance techniques, the interviewing of subjects and witnesses, and the execution of arrest and search and seizure warrants. As a federal agent, I am authorized to conduct investigations of, and to make arrests for, offenses involving immigration law violations, including those offenses enumerated in Titles 8, 18, 19, and 21 of the United States Code.

3.      This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation, but only those facts necessary to establish probable cause to believe that Jeison Julian Caballero-Luque ("CABALLERO-LUQUE") committed the offense of being a previously removed alien found in the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

4.      On or about March 10, 2025, CABALLERO-LUQUE was arrested by local authorities in Indian River County, Florida, and charged with, among other things, resisting arrest. As part of the booking process, CABALLERO-LUQUE was fingerprinted by Indian River County Jail booking officials. The fingerprints were electronically submitted to a federal database maintained by the Department of Homeland Security, which triggered a positive match for an alien previously removed from the United States.

5.      I reviewed documents from the immigration alien file belonging to CABALLERO-LUQUE, AXXX XXX 388. A review of Department of Homeland Security electronic records and the immigration alien file assigned to CABALLERO-LUQUE show that he is a native and citizen of Honduras. Records in the alien file show that on or about February 19, 2016, CABALLERO-LUQUE was removed from the United States to Honduras. Prior to his removal on February 19, 2016, CABALLERO-LUQUE was convicted in the Southern District of Texas of violating Title 8, United States Code, Section 1325(a).

6.      Thereafter, CABALLERO-LUQUE re-entered the United States. Records in the alien file show that on or about August 7, 2020, CABALLERO-LUQUE was again removed from the United States to Honduras. Prior to his removal on August 7, 2020, CABALLERO-LUQUE was convicted in the Northern District of Ohio of violating Title 8, United States Code, Section 1326(a).

7.      CABALLERO-LUQUE's fingerprint card from his March 10, 2025 arrest was entered into the IDENT system, a biometric database maintained by the Department of Homeland Security. Results confirmed that the fingerprints belong to the individual who

was previously removed from the United States, that is, Jeison Julian CABALLERO-LUQUE.

8.      A record check was performed in the Computer Linked Application Informational Management System (CLAIMS) to determine if CABALLERO-LUQUE had filed an application for permission to reapply for admission into the United States after deportation or removal.  After a search was performed in that database system, no record was found to exist indicating that CABALLERO-LUQUE obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

9.      Based on the foregoing, your affiant avers that there exists probable cause to believe that, on or about March 10, 2025, Jeison Julian CABALLERO-LUQUE an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

César Barrientos
Resident Agent
United States Border Patrol

Subscribed and sworn to before me on this _11_ day of April, 2025.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE